THE STATE, GEORGE KLING, PROSECUTOR. v. JOHN KEHOE.

In a suit brought by the accommodation maker of a promissory note against the second endorser for contribution, the former will not be permitted to modify or alter the terms of the contract evidenced by the note by proof that, at the time of the signing and endorsing of the note, there was a verbal agreement between them that the endorser should be liable upon the note jointly with the maker.

On *certiorari* to the Bergen Common Pleas.

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Joseph A. McCreery.*

For the defendant, *Addison Ely.*

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff below, who is the defendant here, brought suit to recover from the prosecutor, who was the defendant below, the one-half of the amount of a promissory note for $100, of which the plaintiff was the maker, and upon which the defendant was second endorser.   The note was dated December 6th, 1893, and read as follows :   "Four months after date I promise to pay to the order of Charles Donoughey, one hundred dollars, at the People's Bank and Trust Company, Passaic, New Jersey.   Value received." Signed John Kehoe; endorsed Charles Donoughey, George Kling.

Upon the trial below it appeared that the note in question was made for the purpose of assisting Donoughey, the payee, to meet a pressing indebtedness, and solely for his accommodation, and the plaintiff was permitted to prove, against the objection of the defendant, that, at the time of the making of the note, they verbally agreed with each other that if Donoughey did not pay the note when it fell due, they would each pay one-half of it.

VOL. XXIX.          34

It further appeared, upon the trial below, that Donoughey failed to pay the note at maturity, and that Kehoe, the plaintiff below, was compelled to take it up; and that, after doing so, he called upon Kling, the defendant, to contribute his one-half of the amount, which the latter refused to do.

It cannot be denied that the note in question creates a definite contract between these parties, by which, as between them, the maker, Kehoe, became primarily liable to pay the note, and Kling, as endorser, became liable only in case the maker failed to meet it at maturity; and that the admission of evidence, showing the existence of a contemporaneous oral agreement such as was testified to on the trial below, tended to materially alter the terms of that contract. It is insisted, however, that the ruling of the trial judge, in admitting this evidence, did not violate the rule which prohibits written evidence from being altered by parol, because this action was not brought upon the note, but upon the contemporaneous oral agreement; and that the evidence which was admitted was not offered for the purpose of contradicting or varying the terms of a written contract, but solely for the purpose of proving the existence of the agreement sued upon. The fallacy of this contention lies in the fact that it assumes that these parties, at one and the same time, entered into two separate agreements relating to the same subject-matter, each equally binding, by one of which Kehoe became primarily liable to pay the whole note, and Kling liable only in the event of Kehoe's failing to perform his contract, while by the other they each became liable to pay one-half of the money due upon it at maturity. Two such agreements are absolutely inconsistent with each other, and cannot by any possibility be both effectuated. If one stands, the other must fall. It was to meet this very condition of affairs that the rule was adopted which prohibits the introduction of oral evidence to vary or alter the terms of a written contract, complete in all its parts, and a recovery upon the oral agreement sued upon in this case can only be sustained by disregarding that rule.

This result, upon principle, would seem to be decisive of

the question under consideration, for no rule has been more consistently and rigorously enforced by the courts of this state than that above referred to.

An example of the application of that rule, under circumstances similar in many respects to those in the case now before the court, will be found in *Johnson* v. *Ramsey*, 14 *Vroom* 280. In that case an accommodation endorser upon a promissory note, in a suit brought against him by his endorsee, attempted to show that there was an oral agreement between them, made at the time of putting their names to the paper, that, in case either of them was compelled to pay the note, the other would contribute one-half of the amount paid. The court, after carefully considering and discussing those cases which hold that, as between an accommodation endorser and endorsee, the form of the note is not conclusive, and that in that connection parol evidence is admissible, declares the true rule to be that an accommodation endorser, by force of his prior endorsement, agrees in writing to pay the whole of the note, so far as his endorsee is concerned, and that he cannot alter that contract by proof of the existence of a contemporaneous oral agreement creating a joint instead of a successive liability.

It was error for the trial judge, in the case under review, to admit the evidence objected to, and the judgment of the Common Pleas must, therefore, be set aside.